First Department, October Term, 1893.          [Vol. 72.

Charles Remsen, Respondent, v. William A. Reese and Others, Defendants; Robert F. Westcott, Purchaser, Appellant.

*Purchaser at a judicial sale, entitled to possession upon his accepting a deed and paying the purchase price — when a tender of the deed and possession is too late.*

A purchaser at a judicial sale is not required to accept a deed and then struggle for possession; he is entitled to be put into possession when he accepts the conveyance and pays the purchase price.

A tender of a deed and possession to a purchaser at a judicial sale is too late when it was made nearly two months after the date fixed in the contract for the completion of the purchase, and more than one month after the purchaser, who had failed to secure even a promise of possession with the deed, had declared the contract at an end, and demanded the repayment of the money paid by him.

Appeal by Robert F. Westcott, the purchaser at a partition sale, from an order made at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 24th day of July, 1893, directing him to complete his purchase.

*E. Luther Hamilton*, for the appellant.

*William Sam Johnson*, for the respondent.

Per Curiam:

Pursuant to a judgment in partition, the premises in question were sold to Robert F. Westcott, May 2, 1893, who then paid to the referee the required percentage of the purchase price. By the terms of sale the remainder of the purchase price was to be paid and the referee's deed delivered May twenty-fourth. On that day the purchaser tendered the purchase price and offered to complete the sale, provided certain judgments were satisfied of record or the judgment in partition so amended as to release the property from the lien of the judgments and the purchaser put into actual possession of the premises. By an arrangement between the attorneys for the plaintiff and the purchaser a motion to amend the judgment, so as to require the referee to pay the money into court, was argued May twenty-ninth, and the motion granted June first, the order also providing " that the referee complete said sale as of May 24, 1893, on payment to him of $26,550, the balance of the purchase money."

June eighth, the purchaser served on the referee a certified

copy of the order and asked him to complete the sale as of May twenty-fourth, at the same time informing him that there was a tenant in possession who was not a party to the action, and requesting that the referee deliver possession. The latter expressed a willingness to deliver the deed and take the remainder of the purchase money, but said he could not deliver possession, and referred the purchaser to the plaintiff's attorney. The attorney said that he did not understand about the lease to the tenant, and referred the inquirer to a Mr. Cushman, who was his counsel in the action and the attorney for the lessors, and he said that the tenant had had a written lease which he thought had expired on May first, and that since that time the possession of the occupant had been that of a tenant at will, and that he would go out if requested by the purchaser. To the inquiry : " Suppose the tenant will not go out at the request of the purchaser ? " Mr. Cushman replied : " Then you can put him out." The attorney for the purchaser at once said that the purchaser would not complete the sale on such terms. Subsequently, and on the same day, he asked the tenant to let him see the written lease, the answer being that " he couldn't lay his hands on it, but would look for it." Replying to the inquiry as to the terms under which he had possession, the tenant said : " As the matter seemed to be complicated, he would have to see his lawyer before saying anything about it."

June fourteenth, the purchaser demanded of the referee a return of the money paid, and two days later purchased other real estate. Nearly a month later, and without having tendered to the purchaser possession, together with the referee's deed, and while the tenant was still in possession, this motion was made. The court decided that the purchaser was entitled to immediate possession ; that if it could not be given him the motion should be denied, otherwise granted, and directed that the order be settled on notice. The following day the lessor, in writing, offered the tenant $100 and the rent for June and July if he would surrender possession by nine o'clock the following morning. The offer was accepted, the tenant gave up possession, and on the same day the lessor made affidavit to that effect, which, with another affidavit, was presented on the settlement of the order, which directed the purchaser to pay over the remainder of the purchase price.

FIRST DEPARTMENT, OCTOBER TERM, 1893. [Vol. 72.

The court correctly stated the rule in its memorandum of decision, to the effect that such a motion will not be granted unless immediate possession can be given to the purchaser. The purchaser at a judicial sale is not required to accept a deed and then struggle for possession. He is entitled to be put into possession when he accepts the conveyance and pays the purchase price. So, if it be necessary to offer a special inducement to the tenant to give up possession, as was done in this case, the purchaser is not called upon to do it. The contrary view seems to have been entertained by the moving party until after the decision of the court, when possession was promptly obtained. But then it was too late. Nearly two months had passed since the date fixed in the contract for the completion of the purchase, and more than one month since, failing to secure even a promise of possession with the deed, the purchaser had declared the contract at an end and demanded the repayment of the money paid by him.

The order should be reversed, with ten dollars costs and printing disbursements, and the motion denied, with ten dollars costs.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Order reversed, with ten dollars costs and printing disbursements, and the motion denied, with ten dollars costs.